UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Robert Demos, Jr., # 287455, | ) C/A No. 8:10-892-HMH-BHH |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| The U.S.A.; The State of Washington; The President of the U.S.A.; The Governor of the State of Washington; The Washington State Attorney General; The Immigration & Naturalization Director; The Dept of Homeland Security; The Superintendent of Stafford Creek; The U.S. Secretary of the Dept of the Interior; The U.S. Asst Secretary for Public Land Management; The Commissioner of Indian Affairs, | ) |
| Respondent. | ) |

Petitioner is a state prisoner in Washington, and herein files a petition essentially alleging that he is not subject to Washington state's jurisdiction because of his Native American heritage, and asking this Court to provide advisory opinions on a number of legal questions. Petition at 7. This District Court lacks jurisdiction over his Washington warden, who would be the appropriate respondent in a habeas action. *See Rumsfeld v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004). Therefore, and because this Court cannot issue advisory opinions on cases and controversies not before this Court, this case is subject to summary dismissal.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition in light of the following precedents: *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to

liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which the Petitioner could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Discussion

Petitioner styles this action as a "PETITION FOR A WRIT OF HABEAS CORPUS"/IMMiGRATiON" (sic). However, the petition does not at any point explicitly ask this Court to invalidate his conviction or order his custodian to release him. Rather, the petition presents for the Court's consideration a number of legal questions that bear on the right of the state of Washington to hold Petitioner prisoner, presumably in the hopes of obtaining an advisory opinion. For instance, the petition asks: "1. Does habeas diversity jurisdiction require a certain monetary value?", petition at 7, and "3.

2

Whether Native Americans are Aliens, or U.S. Citizens," petition at 8.  The thrust of the questions seems to be that Petitioner is questioning whether, as a Native American, he can legally be prosecuted by the state of Washington.

To the extent that Petitioner is requesting habeas relief, the challenge to his conviction and ongoing custody is improperly filed in this Court. A habeas corpus petition must be filed in the district in which the prisoner and/or the sentencing court is located. *See* 28 U.S.C. § 2241(d); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Likewise, this court has no jurisdiction to consider any claim by petitioner for habeas relief under 28 U.S.C. § 2254, the habeas statute governing any challenge to the legality of petitioner's state court judgment. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). *See also Felker v. Turpin*, 518 U.S. 651, 662 (1996)("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.' ").  Petitioner is confined at Stafford Creek Correctional Center in Aberdeen, Washington, and was sentenced in King County, Washington, both located in the territorial jurisdiction of the United States District Court for the Western District of Washington. *See* 28 U.S.C. § 128(b). Thus, any petition for writ of habeas corpus must be filed in the United States District Court for the Western District of Washington. No authority provides jurisdiction for this Court to consider Petitioner's challenge to his conviction and confinement.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of

justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). It is this Court's opinion that the interest of justice will not be served by transferring this case to the district court where Petitioner was sentenced and is presently incarcerated. Between 1991 and 2004, Petitioner filed twenty-five (25) habeas corpus actions in the Western District of Washington. *See* www.pacer.uscourts.gov. He has also filed at least 100 other habeas corpus actions in federal courts around the country. *Id*. Since January 1, 2010, Petitioner has filed twenty-six (26) habeas corpus actions in other district courts around the country. *Id*. Based on that history, it would by inappropriate to transfer this matter, *see In re Cline*, 531 F.3d 1249 (10th Cir. 2008), as it clearly appears petitioner pursued habeas relief in the past without success, and is now subject to statutory restrictions on pursuing a second or successive habeas corpus petition. *See* 28 U.S.C. § 2244(b)(3) (setting out procedure for seeking authorization from appropriate court of appeals to file second or successive § 2254 petition in district court). This matter should therefore be dismissed without prejudice for lack of jurisdiction.

By asking this Court to answer questions regarding Washington's authority to prosecute him, Petitioner essentially seeks an advisory opinion. He implies such an opinion is needed to address alleged error in his Washington state conviction. However, the Supreme Court has stated that "a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them. Its judgments must resolve a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished

4

from an opinion advising what the law would be upon a hypothetical state of facts."
*Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)(internal quotation marks omitted).
Petitioner appears to seek such an opinion because he believes it would impact the validity of his Washington state conviction. While it is doubtful what impact resolution of this perceived conflict would have on Petitioner's state conviction, it is clear that federal courts are to avoid rendering advisory opinions in state habeas matters. *Michigan v. Long*, 463 U.S. 1032, 1040 (1983). Accordingly, Petitioner's request for review of the law and a declaratory ruling is denied.

### **Notice: Imposition of Sanctions**

Petitioner has filed over 700 actions in district courts across the United States since 1988. *See* www.pacer.uscourts.gov. He has filed fifty-nine (59) actions across the country this calendar year alone, twenty-six (26) of which were docketed as habeas cases. *Id.* The vast majority of these cases have been dismissed as frivolous or otherwise lacking in merit, or because Petitioner was "struck out" under 28 U.S.C. § 1915(g). Thus, it appears Petitioner will continue to waste this Court's precious judicial resources unless restrictions are placed on Petitioner's future submissions.

This Court has the authority to order a prefiling injunction or other appropriate sanction against vexatious litigants. *Cromer v. Kraft Foods North America, Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). *See also Thomas v. Fulton*, No. 07-1713, 2008 WL 64651, slip op. (4th Cir. Jan. 7, 2008)(a prefiling injunction must be narrowly tailored to fit the circumstances of the case), *Safir v. United States Lines, Inc.*, 792 F.2d 19, 23-25 (2nd Cir. 1986)(five factors for court to consider before imposing order of prefiling

5

review); *Flint v. Haynes*, 651 F.2d 970, 974 (4th Cir. 1981)("joined other courts in approving prefiling review of complaints brought by prisoners with a history of litigiousness"); *Graham v. Riddle*, 554 F.2d 133, 135 (4th Cir. 1977). The sanctions which the Court may consider include, but are not limited to: (1) denial of proceeding without prepayment of the filing fee, (2) the imposition of a filing injunction order placing restrictions on the types of cases Petitioner may file and the manner in which they must be submitted, (3) monetary sanctions that will have to be satisfied before any further filings may be made, (4) dismissal of any action, (5) entry of an order of contempt of court, and (6) any and all other forms of sanctions available to the Court under Rule 11 of the Federal Rules of Civil Procedure.

Overly litigious, malicious, and/or vexatious individuals, such as the Petitioner, place a burden on the judicial system and divert judicial resources from other pending litigation. A court must "balance between insuring access to the courts and controlling already overburdened dockets." *In Re Burnley*, 988 F.2d 1, 4 (4th Cir. 1992).

Petitioner has clearly demonstrated that he is a vexatious and abusive litigant in District Courts across the country, and has filed cases in this Court that are nearly identical to unsuccessful suits he has filed in other districts, causing further waste of federal judicial resources. Therefore, Petitioner is put on notice that he risks a filing injunction if he continues to make abusive filings. The filing injunction would direct the Clerk of Court to return any civil action submitted to this Court by the Petitioner, unfiled, unless:

> (1) Petitioner pays the full statutory filing fee (currently $350.00) at the time any new civil case is submitted for filing;

6

<u>or</u>

(2) The Complaint sets forth facts that fall into the exception to the "three strikes" clause of 28 U.S.C. § 1915(g), which reads:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

**PETITIONER IS ON NOTICE THAT THIS PREFILING INJUNCTION WILL BE ORDERED IF HE CONTINUES TO FILE REPETITIVE COMPLAINTS. THIS INJUNCTION WILL ORDER THE CLERK OF COURT'S OFFICE TO RETURN, UNFILED AND UNDOCKETED, ANY CASE THAT IS NOT ACCOMPANIED BY THE FILING FEE OR WHICH DOES NOT, IN THE DISCRETION OF THE CLERK'S OFFICE, MEET THE EXCEPTION DESCRIBED IN 28 U.S.C. § 1915(g), AS DISCUSSED ABOVE. THIS INJUNCTION WILL APPLY TO ALL CIVIL CASES INCLUDING PETITIONS FOR EXTRAORDINARY WRITS, SUCH AS WRITS OF HABEAS CORPUS. IF PETITIONER BELIEVES THE IMPOSITION OF SUCH AN INJUNCTION IS NOT WARRANTED IN HIS CASE, HE MUST SHOW CAUSE WHY AN INJUNCTION SHOULD NOT BE ISSUED.** *PETITIONER'S ATTENTION IS DIRECTED TO THE ACCOMPANYING ORDER OF THIS DATE.*

<u>Recommendation</u>

Accordingly, it is recommended that the petition in the above-captioned case be

7

dismissed *without prejudice* and without service upon the respondents. See *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the Petitioner's claims are either barred from review or without merit). **Petitioner's attention is directed to the important notice on the next page.**

                                               s/Bruce Howe Hendricks
                                               United States Magistrate Judge

April 27, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).