IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| John Robert Demos, Jr., #287455, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 8:10-892-HMH-BHH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| The U.S.A.; The State of Washington; | ) | |
| The President of the U.S.A.; The Governor | ) | |
| of the State of Washington; The Washington | ) | |
| State Attorney General; The Immigration & | ) | |
| Naturalization Director; The Dept. of | ) | |
| Homeland Security; The Superintendent | ) | |
| of Stafford Creek; The U.S. Secretary of | ) | |
| the Dept. of the Interior; The U.S. Asst. | ) | |
| Secretary for Public Land Management; | ) | |
| The Commissioner of Indian Affairs, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on John Robert Demos, Jr.'s ("Demos") pro se motion for reconsideration which the court construes as a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the court's May 18, 2010, order ("the May Order") adopting the Report and Recommendation of the magistrate judge and dismissing the petition without prejudice and without service upon the Respondents.

A motion to alter or amend the judgment under Rule 59(e) may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be

1

used, however, to raise arguments which could have been raised prior to the issuance of the judgment . . . ." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal citation and quotation marks omitted).

In his motion, Demos reasserts the allegations made in his original petition pursuant to 28 U.S.C. § 2254 and presents no new facts or evidence that alter the court's original findings settled by the May Order. Further, to the extent Demos is seeking relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, this motion fails. Rule 60(b) "invest[s] federal courts with the power in certain restricted circumstances to vacate judgments whenever such action is appropriate to accomplish justice." Compton v. Alton S.S. Co., 608 F.2d 96, 101-02 (4th Cir. 1979) (internal quotation marks omitted). Rule 60(b) "does not authorize a motion merely for reconsideration of a legal issue." United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982). "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." Id. at 313. Based on the foregoing, Demos' motion is denied.

Therefore, it is

**ORDERED** that Demos' motion for reconsideration, docket number 20, is denied.

**IT IS SO ORDERED**.

                       s/Henry M. Herlong, Jr.
                       Senior United States District Judge

Greenville, South Carolina
June 11, 2010

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.